(96 Misc. Rep. 571)

### CITY OF CORNING v. O'NEIL.

(Supreme Court, Special Term, Steuben County. September 15, 1916.)

RAILROADS ⊚⟾99(9)—ELIMINATION OF GRADE CROSSING OF STREET—DAMAGES.

    Railroad Law (Consol. Laws, c. 49) § 92, providing that a city, for purpose of eliminating a grade crossing of a street by a railroad, may by purchase or condemnation acquire lands, rights, or easements required therefor, by implication gives one right to compensation for the closing of a street at the line of his property, as a necessary part of the improvement, interfering with his access to another street in a certain direction, and depreciating the value of his property, though another route in another direction to such other street is provided, and also damages sustained during the progress of the work.

    [Ed. Note.—For other cases, see Railroads, Dec. Dig. ⊚⟾99(9).]

Grade crossing proceeding by the City of Corning against John E. O'Neil. Heard on motion to confirm report of commissioners. Report set aside and referred back.

    The Erie Railroad Company crossed Columbia and First streets in the city of Corning at grade. Proceedings were taken under Railroad Law, §§ 91–94, to determine the necessity for the elimination of the grade crossing and the construction of an underground crossing in its place. The Public Service Commission determined that such elimination was necessary and that the underground crossing was required. The improvement was constructed, and a claim was then filed by the defendant for damages resulting from the improvement. First street runs east and west, and Columbia street north and south, and defendant is the owner of a lot fronting on Columbia street. The improvement by closing Columbia street at the north line of his property left his property, which was used as residence property, without access to First street to the north as formerly. Another route to First street was provided to the south of his property. An award was made to him of $150, but the commissioners of appraisal did not make any allowance for the closing of Columbia street, or for any obstruction or interference with access to it, or for damages sustained while the work was in progress. For these reasons the confirmation of the report of the commissioners, which came up upon this motion, was opposed by defendant.

Justin V. Purcell, of Corning, for plaintiff.
James O. Sebring, of Corning, for defendant.
Cheney, Phillips & Greene, of Hornell, for Erie R. Co.

RODENBECK, J. The report of the commissioners of appraisal is set aside for the reasons stated in the case of City of Corning v. Holmes, 160 N. Y. Supp. 847, with the additional observations that while the common law, in the absence of a statute authorizing such damage, does not allow a recovery for interference with access by

cutting off a street where another reasonable access is available or provided (O'Brien v. N. Y. C. & H. R. R. Co., 148 App. Div. 733, 133 N. Y. Supp. 322; Egerer v. N. Y. C. & H. R. R. Co., 130 N. Y. 108, 114, 29 N. E. 95, 14 L. R. A. 381; Story v. N. Y. El. R. Co., 90 N. Y. 122, 186, 43 Am. Rep. 146; Reis v. City of New York, 113 App. Div. 464, 99 N. Y. Supp. 291; Coster v. Mayor, 43 N. Y. 399; Kings County Fire Ins. Co. v. Stevens, 101 N. Y. 411, 5 N. E. 353; Fearing v. Irwin, 55 N. Y. 486), the statute in this case, by its language or a fair implication therefrom, authorizes the payment of such damages. The cutting off of Columbia street has depreciated the value of the O'Neil property, and there is no reason why a construction should be given to the statute which imposes this loss upon him. The cutting off of the street is a necessary part of the improvement, and his right to the continuation of the street is a property right, for which compensation was contemplated by the language of the statute. He is also entitled to damages sustained during the progress of the work.

The report of the commissioners should be set aside, and referred back to them, with the costs of this motion.